**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAVID CLARK,

     Plaintiff,

v.                               CASE NO.:

DCN HOLDINGS, INC. d/b/a         CLASS ACTION
ACCOUNTS RECEIVABLE,

     Defendant.

_____/

**<u>PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

     Plaintiff David Clark ("Plaintiff"), individually and on behalf of others similarly situated, by and through his undersigned counsel, sues DCN Holdings, Inc., d/b/a Accounts Receivable ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is a class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. The FDCPA is a series of statutes which prohibit a catalog of activities in connection with the collection of consumer debts by debt collectors. *See*, 15 U.S.C. §1692, generally. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3.  In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

4.  Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

5.  The FDCPA explicitly contemplates the bringing of class actions by individuals seeking redress for unlawful debt collection practices on behalf those similarly situated. *See,* 15 U.S.C. § 1692k.

6.  Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. In particular, § 1692g(a) mandates that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing

> […]

> (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment

against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a) (emphasis added).

7.  Section 1692g(b) of the FDCPA provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *See also*, *McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012) ("Merely including the required [§ 1692g(a)] notice in letters to consumers is not sufficient. The notice must also be set forth in a form and within a context that does not distort or obfuscate its meaning. A debt collector may violate Section 1692g if other language in its communication with consumers 'overshadow[s]' or is 'inconsistent with' the statutorily-mandated notice.").

8.  Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including:

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or

[…]

(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

9.  Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The

eight subsections of § 1692f set forth a non-exhaustive list of practices that fall within this ban, one of which being:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C §1692f(1); *see also*, *Townsend v. Quantum3 Group, LLC*, 535 B.R. 415, 426 (M.D. Fla. 2015) ("[l]ooking to the plain language of 1692f(1), the court interprets the section to permit the collection of a fee in addition to the principal obligation if such fee is expressly authorized by the agreement creating the debt or is otherwise permitted by state law." (quoting *West v. Costen,* 558 F.Supp. 564, 582 (W.D.Va.1983))).

10. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also*, *Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

11. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

12. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See*, *Jeter v. Credit*

*Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

## JURISDICTION AND VENUE

13. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

14. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and/or omissions giving rise to this action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendant transacts business in this State and this District.

## PARTIES

15. Plaintiff is a natural person and citizen of the State of Florida who at all relevant times resided in Hillsborough County, Florida.

16. Plaintiff is alleged to have incurred a financial obligation to Pearlman and Clark, P.A. (the "Alleged Debt").

17. Upon information and belief, the Alleged Debt consists of amounts owed for personal legal services and therefore constituted a "debt" as defined by 15 U.S.C. § 1692a(5).

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) as Plaintiff is alleged obligated to pay the Alleged Debt.

19. Defendant is Florida profit corporation with its principal place of business located in Orlando, Florida. Defendant may be served with process through its Register Agent, Karla Brown, 5517 Hansel Avenue, Orlando, Florida 32809.

20. On information and belief, Defendant engages in interstate commerce by regularly using the telephone and mail in a business the principal purpose of which is the collection of debts.

21. On information and belief, Defendant regularly attempts to collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

22. Defendant holds a Consumer Collection Agency license issued by the Florida Office of Financial Regulation.

23. Defendant holds itself out as a business providing debt collection services.

24. Defendant is a "debt collector" as defined by 1692a(6).

25. At all times material, Defendant was acting as a debt collector when communicating with Plaintiff.

## FACTUAL ALLEGATIONS

26. On or about June 13, 2016, Defendant sent or caused to be sent a letter to Plaintiff (hereinafter "Defendant's Letter"). *See,* Exhibit A attached hereto.

27. Defendant's Letter was sent to Plaintiff in an attempt to collect the Alleged Debt.

28. Defendant's Letter was the initial communication Plaintiff received from Defendant.

29. Defendant's Letter alleges that Plaintiff owes the Alleged Debt and that the amount of the Alleged Debt is $3,901.21.

30. Defendant's Letter contains a caption that reads "RE: Pearlman and Clark, P.A. Vs. David Clark".

31. Defendant's Letter states "ACCOUNT STATUS ENFORCMENT".

32. Defendant's Letter states "If you feel you have a suitable explanation for this balance remaining open, or you are unsure of its validity, you may contact use directly at .

Otherwise you may clear your account immediately by sending the bottom portion of this letter with your payment in full using the enclosed envelope."

33. Plaintiff does not owe the Alleged Debt.

34. Plaintiff does not owe any debt to Pearlman and Clark, P.A.

35. There is no pending litigation between Pearlman and Clark, P.A. and Plaintiff.

36. At the time Defendant's Letter was sent, there was no pending litigation between Pearlman and Clark, P.A. and Plaintiff.

37. Upon information and belief, Defendant, as a matter of pattern and practice, sends initial written communications to Florida debtors on behalf of creditors using language substantially similar or materially identical to that utilized by Defendant in Defendant's Letter despite the fact that there is no pending or current litigation between the creditor and debtor.

38. Defendant's Letter is misleading to the least sophisticated consumer as Defendant's use of the versus caption at the top of the letter would lead the least sophisticated consumer to believe that there was pending litigation between the creditor and debtor when, in fact, there was not. *See, e.g., In re Murray*, 15-12767-MSH, 2016 WL 3225984, at *4 (Bankr. D. Mass. June 2, 2016)

39. By stating "If you feel you have a suitable explanation for this balance remaining open, or you are unsure of its validity, you may contact use directly at .", Defendant's Letter would lead the least sophisticated consumer to believe that he/she could effectively request verification or validation of the debt through a telephone call when, in fact, a written request is required to effectively request verification/validation under the FDCPA. *See,*

*e.g., Miller v. Payco-Gen. Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991); *Johnson v.*

*Revenue Mgt. Corp.*, 169 F.3d 1057, 1061 (7th Cir. 1999);

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23

on behalf of two (2) class consisting of:

### The Versus Language Class

All persons to whom DCN Holdings, Inc. d/b/a Accounts
Receivable sent a written communication in an attempt to collect
any purported consumer debt, in which the written communication
contained a caption utilizing a "Vs" abbreviation between the
creditor and alleged debtor, where such communication was sent to
an address in Florida within a one-year period of time prior to the
filing of this Complaint up through and include the present date and
was not returned as undeliverable.

### The Overshadowing Class

All persons to whom DCN Holdings, Inc. d/b/a Accounts
Receivable sent an initial written communication in an attempt to
collect any purported consumer debt in substantially the same form
as "Exhibit A" attached to Plaintiff's Complaint, where such
communication was sent to an address in Florida within a one-year
period of time prior to the filing of this Complaint up through and
include the present date and was not returned as undeliverable.

41. Excluded from the Classes are all directors, officers, agents, and employees of Defendant

and the courts to which this case may be assigned. Also excluded from the Classes are the

Judge assigned to this case, the Judge's staff and members of the Judge's immediate family.

42. The proposed classes are so numerous that joinder of all members is impracticable. The

exact number of class members us unknown to Plaintiff at this time and can only be

ascertained through appropriate discovery. The proposed classes are ascertainable in that

the names and addresses of all members of the Classes can be identified through business

records maintained by Defendant.

43. Plaintiff's claims are typical of the claims of the members of the Classes because Plaintiff and all claims of the members of the Classes originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff has suffered the same injuries as each member of the Classes. Plaintiff has retained counsel experienced and competent in class action litigation.

44. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Classes to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

45. Issues of law and fact common to the members of the Classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Classes. Among the issues of law and fact common to the Classes are:

   a. Defendant's violations of the FDCPA as alleged herein;

   b. Whether Defendant's initial written communications are misleading to the least sophisticated consumer;

   c. Whether Defendant's initial written communications overshadow and render ineffective the disclosures as required under 15 U.S.C. § 1692g;

   d. The existence of Defendant's identical conduct particular to the matters at issue;

   e. The availability of statutory penalties;

   f. The availability of attorneys' fees and costs.

## COUNT I: VIOLATION OF 15 U.S.C. § 1692e
### On behalf of Plaintiff and the Versus Language Class

46. Plaintiff repeats and re-alleged each and every allegation contained in paragraphs 1 through 45.

47. Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

48. Defendant's Letter violates 15 U.S.C. § 1692e by intimating that there was pending litigation between Plaintiff and the creditor identified therein when, in fact, there was not.

## COUNT II: VIOLATION OF 15 U.S.C. § 1692e(2)(A)
### On behalf of Plaintiff and the Versus Language Class

49. Plaintiff repeats and re-alleged each and every allegation contained in paragraphs 1 through 45.

50. Section 1692e(2)(A) of the FDCPA provides that may not falsely represent the character, amount or legal status of any debt.

51. Defendant's Letter violates 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the debt identified therein as a debt in pending litigation.

## COUNT III: VIOLATION OF 15 U.S.C. § 1692e(10)
### On behalf of Plaintiff and the Versus Language Class

52. Plaintiff repeats and re-alleged each and every allegation contained in paragraphs 1 through 45.

53. Section 1692e(10) of the FDCPA prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

54. Defendant's Letter violates 15 U.S.C. § 1692e(10) by intimating that there was pending litigation between Plaintiff and the creditor identified therein when, in fact, there was not.

### COUNT IV: VIOLATION OF 15 U.S.C. § 1692g(b)
### On behalf of Plaintiff and the Overshadowing Class

55. Plaintiff repeats and re-alleged each and every allegation contained in paragraphs 1 through 45.

56. Pursuant to section 1692g(a)(4), a request for verification or validation of a debt must be made in writing.

57. Section 1692g(b) of the FDCPA provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

58. Defendant's Letter violates 15 U.S.C. § 1692g(b) by intimating that a valid request for verification or validation of the debt identified therein could be made over the phone when, in fact, it could not.

59. Defendant's Letter violates 15 U.S.C. § 1692g(b) by intimating that there was pending litigation between Plaintiff and the creditor identified therein when, in fact, there was not.

### COUNT V: VIOLATION OF 15 U.S.C. § 1692e(2)(A)
### On behalf of Plaintiff, individually

60. Plaintiff repeats and re-alleged each and every allegation contained in paragraphs 1 through 39.

61. Section 1692e(2)(A) of the FDCPA provides that may not falsely represent the character, amount or legal status of any debt.

62. Defendant's Letter violates 15 U.S.C. § 1692e(2)(A) by falsely representing that Plaintiff owes the Alleged Debt when, in fact, he does not.

### COUNT VI: VIOLATION OF 15 U.S.C. § 1692f(1)
### On behalf of Plaintiff, individually

63. Plaintiff repeats and re-alleged each and every allegation contained in paragraphs 1 through 39.

64. Section 1692f(1) of the FDCPA prohibits the "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

65. Defendant's Letter violates 15 U.S.C. § 1692f(1) by falsely attempting to collect an amount from Plaintiff not expressly authorized by the agreement creating the debt or permitted by law.

### DEMAND FOR JURY TRIAL

66. Plaintiff respectfully demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692g(b) and 1692f(1);

(c) Awarding Plaintiff and members of the Classes statutory damages pursuant to 15 U.S.C. § 1692k;

(d) Awarding Plaintiff and members of the Classes reasonable attorney's fees and costs incurred in this action, pursuant to 1692k;

(e) Awarding Plaintiff and the Classes any pre-judgment and post-judgment interest as may

be allowed under the law; and

(f) Awarding other and further relief and the Court may deem just and proper.


DATED: August 2, 2016

Respectfully Submitted,
 /s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 102808
**RASLAVICH LAW, P.A.**
3225 S. MacDill Ave., Suite 129-272
Tampa, Florida 33629
Phone:      813-422-7782
Fax:         813-422-7783
E-mail:     Ben@raslavichlaw.com
Counsel for Plaintiff

**EXHIBIT A**

# ACCOUNTS RECEIVABLE
ETHICS, INTEGRITY, RESULTS

5517 Hansel Avenue • Orlando, FL 32809
Telephone 877.832.2482 • Facsimile: 877.730.5805
Website: www.AccountsReceivable.com

June 13, 2016

David Clark
3611 W Oklahoma Ave
Tampa FL 33611-4205

RE:  Pearlman and Clark, P.A.
      Vs.
      David Clark

Amount Due: $3,901.21
Account #: ████6809

## ACCOUNT STATUS

### ENFORCEMENT

Dear David Clark:

We have been asked to contact you by our client, Pearlman and Clark, P.A., regarding your past due invoice with them. Their records indicate that your payment has not been received or processed as of the date of this correspondence, and therefore is listed with us for collection.

If you feel you have a suitable explanation for this balance remaining open, or you are unsure of its validity, you may contact us directly at . Otherwise, you may clear your account immediately by sending the bottom portion of this letter with your payment in full using the enclosed envelope. Your account will be properly credited and you will receive no further communication from us on this account.

Sincerely,

William Brown
Credit Manager

> This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt to be valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute this debt or any portion thereof, this office will obtain verification of the debt or copy of the judgment and mail you a copy of such verification or judgment.  If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor if different from the current creditor.

1427-SFACCR10-AD1CONSUM0-1/06/10

*** Detach Lower Portion And Return With Payment ***

Y1B5D26489

5517 Hansel Ave
Orlando FL 32809
ADDRESS SERVICE REQUESTED

RE: Pearlman and Clark, P.A.
Account #: ████6809
Amount Due: $3,901.21

PLEASE CIRCLE THE CREDIT CARD YOU WISH TO USE

VISA   DISCOVER

| CARD NUMBER | | EXP. DATE |
|---|---|---|
| CARD HOLDER NAME | | CVV |
| SIGNATURE | | AMOUNT PAID |

AD1CONSUM0 - 1427
David Clark
3611 W Oklahoma Ave
Tampa FL 33611-4205



Accounts Receivable
5517 Hansel Ave
Orlando FL 32809-3403